**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Triple Braided Cord Trust,

    Plaintiff

v.

Nationstar Mortgage, LLC, et al.,

    Defendants

Case No.: 2:24-cv-00841-JAD-BNW

**Order Denying Emergency Motion for Preliminary Injunction and Ordering Plaintiff to Show Cause Why This Case Should Not be Dismissed**

[ECF No. 1]

Plaintiff Triple Braided Cord Trust, represented by its non-lawyer trustee Julie Embry, initiated this case by filing an emergency motion for a preliminary injunction prohibiting defendants Nationstar Mortgage LLC, Mr. Cooper, and MTC Financial from auctioning the Trust's real property on May 10, 2024.[1]  I deny that motion for several reasons.  First, the Trust has not filed a complaint in this action, leaving this case improperly commenced.  "A civil action is commenced by filing a complaint with the court."[2]  So it appears that the Trust's emergency motion is not properly before the court.  And I cannot overlook this deficiency because the first step of the preliminary-injunction analysis is to determine whether the plaintiff has shown a likelihood of success on the merits of the claim that entitles it to injunctive relief.[3]  Without a complaint identifying the Trust's claims, this court has nothing to analyze.[4]

---

[1] ECF No. 1.

[2] Fed. R. Civ. P. 3.

[3] *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[4] The Trust also purports to bring this motion under "U.S. District Court Rule 705." ECF No. 1 at 1.  The Court is unaware of any such rule that applies in the preliminary-injunction context.

Second, it appears that pro se trustee Julie Embry seeks to represent the Trust in this action. But the Ninth Circuit has held that a person's "status as trustee [does not] include the right to present arguments pro se in federal court."[5] Courts interpreting that general rule have held that a trustee may only represent a trust if she is the sole "beneficial owner" of the trust's assets.[6] Embry fails to show that she is the sole beneficial owner of the Trust's assets, so it's not clear whether she can represent the Trust. But given that the exhibits attached to the motion appear to name someone else as Grantor and Trustee of the property at issue, it seems unlikely that Embry is the sole beneficiary.[7]

Third, the Trust failed to follow this district's local rules for filing an emergency motion. Local Rule 7-4 requires that an emergency motion "be accompanied by a declaration setting forth the nature of the emergency, the office addresses and telephone numbers of movant and all affected parties; and a statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action."[8] The Rule also requires the moving party to "advise the courtroom administrators for the assigned district judge and magistrate judge that the motion was filed."[9] The Trust failed to comply with any of these requirements.

Accordingly,

---

[5] *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987).

[6] *See, e.g.*, *Wills v. Bank of N.Y. Mellon*, 2023 WL 4146107, at *2 (D. Or. June 22, 2023) (collecting cases interpreting *C.E. Pope* to mean that "an individual who is the trust's beneficial owner may appear pro se on the trust's behalf").

[7] *See* ECF No. 1 at 5–11.

[8] L.R. 7-4(a).

[9] *Id.* at (d).

IT IS HEREBY ORDERED that plaintiff Triple Braided Cord Trust's emergency motion for a preliminary injunction **[ECF No. 1] is DENIED.**

IT IS FURTHER ORDERED that plaintiff is **ORDERED TO SHOW CAUSE by May 20, 2024, why this case should not be dismissed for failure to file a complaint or obtain proper legal representation.**

_____
U.S. District Judge Jennifer A. Dorsey
May 6, 2024