UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| JULIE EMBRY, d/b/a<br>TRIPLE BRAIDED CORD TRUST<br><br>Petitioner (s)<br><br>-v-<br><br>NATIONSTAR MORTGAGE, LLC,<br>NATIONSTAR MORTGAGE, LLC d/b/a<br>  MR COOPER, *et.al*<br>MTC FINANCIAL d/b/a TRUSTEE CORP, *et.al*<br><br>Respondent (s) | COMPLAINT AND REQUEST<br>FOR **EMERGENCY**<br>PRELIMINARY INJUNCTION<br><br><br><br>Case No. 2:24-CV-00841-JAD-BNW<br><br>FILED ___ ENTERED ___<br>COUNSEL ___ ON RECORD<br><br>MAY - 8 2024<br><br>CLERK US DISTRICT C...<br>BY: _____ DEPUTY |

**COMPLAINT AND REQUEST FOR EMERGENCY PRELIMINARY INJUNCTION**

**PARTIES**

A. The Petitioner(s)

    Name:                  JULIE EMBRY d/b/a TRIPLE BRAIDED CORD TRUST
    Street Address:     c/o 43140 4th Street
    City, St. Zip:       Crane, Oregon 97732
    Telephone Number: (541)609-1632 (text only)
    E-mail Address:    boardoftrustees@protonmail.com

B. The Respondent(s)

Respondent No. 1
    Name:                  NATIONSTAR MORTGAGE, LLC d/b/a MR COOPER, *et.al*
    Street Address:     800 State Highway 121 Bypass Lake Vista 4
    City, St, Zip:       Lewisville, TX 75067
    Telephone Number: (888)480-2432
    Email Address:     Unknown

Respondent No. 2

    Name:                      MTC FINANCIAL, INC d/b/a TRUSTEE CORP, *et.al*
    Street Address:       3571 Red Rock Street, Ste. B
    City, St, Zip:         Las Vegas, NV 89103
    Telephone Number: (949)252-8300
    Email Address:       Unknown

Respondent No. 3
    Name:                      TRUSTEE CORPS
    Street Address:       17100 Gillette Avenue
    City, St, Zip:         Irvine, CA 92614
    Telephone Number: (949)252-8300
    Email Address:       Unknown

## I. JURISDICTION AND VENUE

The basis for Jurisdiction in this matter is, Federal Law governs and Diversity of Citizenship, *28 U. S. C. § 1332*, and is hereby granted by Petitioner pursuant to FRCvP 17(E), as Trustee of Triple Braided Cord Trust, who is a resident of Oregon.

The proper venue for this action is the United States District Court for the District of Nevada, as the events giving rise to this claim occurred in Clark County, Nevada, and the property in question is located within this jurisdiction.

Petitioner does business in and has established residency in the State of Oregon and is diverse from the Respondents, Nationstar Mortgage LLC d/b/a Mr Cooper doing business in the State of Nevada and is headquartered in the State of Texas, and Trustee Corps who does business in the STATE OF NEVADA and is headquartered in the State of California; and, the amount exceeds Seventy-Five Thousand ($75,000.00) dollars.

COMES NOW, Petitioner to move the Court, under the Rules of Civil Procedure for The U.S. District Court Rule 705 and Rule 17(E), to: Enjoin Defendants from auctioning, on **May 10, 2024,** Petitioner's private property located at:

    8157 Lennox View Lane,
    Las Vegas, NV 89113;
    Parcel ID #163-33-712-033

And to further restrain and enjoin Respondents from auctioning Petitioner's property or committing any act of trespass against TRUST until such time as TRUST's petition can be adjudicated on its merits.

Petitioner is entitled to this Emergency Preliminary Injunction for the following reasons:

## II.   BACKGROUND OF THE CASE

1. On or about 04/11/2024 Petitioner informed Respondents, via a Legal Notice, CEASE and DESIST, and a certified copy of the Trust Deed Instrument#:* 20240320-0001597, later refiled as Trust Deed Instrument#: 20240502-0001227 to correct errors, with the Clark County Recorder's Office, evidencing that Petitioner owns 8157 Lennox View Lane, Las Vegas, Nevada 89113; and,

*\* Located in Document 1.*

2. On 04/30/2024 Petitioner called Respondent Trustee Corp and explained the Garn-St Germain Act and that Petitioner has no mortgage on the property and did not accept liability; however, was taunted and mocked by its agent "Ms. Sharon" who said she does have the certified copy of Petitioner's Deed and that "we are going through with the foreclosure as noticed ... we have no problem completing a non-judicial foreclosure ... I would love to see another Cease and Desist letter that I am clearly a fan of ... we are absolutely going through with the foreclosure".

## III.   STATEMENT AND CLAIM

1. Petitioner is a successor in interest, pursuant to Federal Law, Public Law 97-320, Statutes at Large 96 Stat. 1469, Codification 12 U.S.C. Banks and Banking and 12 U.S.C. ch 3 § 226 and known as Garn-St Germain Depository Institutions Act of the 97th United States Congress, has neither assumed, nor otherwise become obligated on any alleged debt associated with said property; and,

2. Respondents are threatening to auction/sell Petitioner's property on May 10, 2024, claiming their authority to collect in this manner comes from a "Mortgage" neither Petitioner nor Respondents are a party of/to; and,

3. Petitioner accepted 8157 Lennox View Lane, Las Vegas, NV 89113; Parcel ID #163-33-712-033 from the Grantor "free of" and not "subject to" pursuant to a Federal Act of Congress, the Garn-St Germain Depository Institutions Act; and,

4. Triple Braided Cord Trust, legally owns and holds legal title to 8157 Lennox View Lane, Las Vegas, NV 89113; Parcel ID #163-33-712-033, see Grantor Deed attached* and fully incorporated herein; and, *Located in Document 1.

5. Respondents are threatening to auction/sell Petitioner's property to collect an alleged debt allegedly owed to them by a CHARLYN GREENE; and, they do not care that they are trespassing on Petitioner to do so; and, they do not care that Federal Law prohibits them from doing so; and,

6. Petitioner is without remedy for the harm/injury/loss and crime that is about to ensue, not to mention the clouded title an unsuspecting victim will get, without the Court's intervention; and,

## IV. COUNTS AND CLAIMS

### COUNT I - WRONGFUL FORECLOSURE

Petitioner claims that the foreclosure is based on a "Mortgage" that neither Petitioner nor Respondent(s) is/are party to/of. Petitioner is not obligated to any contract it did not enter into, execute and consummate. Petitioner has no contract with Respondent(s). Petitioner has reviewed the alleged "Mortgage" and can plainly see that Respondents lack standing to foreclose for their own incompetence when they did not sign or consummate it. The fact is that the "Mortgage" document Respondents are attempting to foreclose was not executed by Respondents, not consummated and they are not named as a Party; however, the facts here are irrelevant as Petitioner has NOTHING to do with that alleged contract whatsoever and cannot be forced to sell its property to pay an alleged debt of another person. The law does not allow for this type of conspiracy.

## COUNT II - VIOLATION OF THE 5TH AMENDMENT (DUE PROCESS)

Petitioner asserts that Respondents have no authority to take the private property belonging to Petitioner without due process of law guaranteed by the Fifth Amendment of the United States Constitution.

### V. IRREPARABLE INJURY/HARM

1. The monetary damages are incalculable should this emergency preliminary injunction be denied; and,

2. Respondents are trespassing on and threatening Petitioner to suffer irreparable harm; and,

3. Petitioner will suffer deprivation of personhood and deprivation of rights by denial of this emergency preliminary injunction; and,

4. The public record held with the Clark County Recorder makes Petitioner's Motion undeniable; and,

5. Public interest will not be impaired by granting this emergency preliminary injunction; however, the public interest will be impaired by denial of Petitioner's emergency preliminary injunction by public awareness that Petitioner can be victimized without consequence; and,

6. Petitioner has no other remedy at law to protect itself from Respondents tort; and,

7. Denial of Petitioner's emergency preliminary injunction goes beyond economic injury/harm; and,

8. The cost to the Court on error later corrected to the favor of Respondents is not as great as the cost to the Court for error later corrected to Petitioner favor; and,

9. Granting Petitioner's Motion for Emergency Preliminary Injunction conserves the property no matter who prevails. Denial of Petitioner's Motion for Emergency Preliminary Injunction directly affects the property by reducing it to a status of a bell which cannot be "un-rung"; and,

10. Rules governing civil procedure require this Court to conduct a show cause hearing requiring the Respondents to appear and be sworn in under oath to verify the alleged debt is owed by Petitioner see 15 U.S.C § 1692g; and,

11. Ideals of substantial justice and fair play require this Court to grant Petitioner's interim relief until its complaint can be adjudicated; and,

12. Monetary damages at a later time will not adequately compensate Petitioner for the injuries sustained/will be sustained if Respondents is allowed to continue its tortious acts.

*"Equality Under the Law is Paramount and Mandatory"*

## RELIEF

WHEREFORE, Petitioner requests the court to enter an ORDER GRANTING Petitioner:

1. Claim for emergency preliminary injunction/specific performance to order RESPONDENTS to immediately CEASE and DESIST any/all collection/foreclosure activities and by granting further relief as the court may deem reasonable under the circumstances until the issues can be adjudicated on the record.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my belief knowledge, and information that this complaint:

1). Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and,

2). Is supported by existing law and is not a frivolous argument for extending, modifying, or reversing existing law; and,

3). The factual contentions have evidentiary support; and,

4). The complaint otherwise complies with the requirements of Rule 11.

Executed: 05/07/2024        By: _____, Trustee
JULIE EMBRY
43140 4th Street
Crane, Oregon 97732
(541)609-1632
boardoftrustees@protonmail.com