UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Julie Embry d/b/a Triple Braided Cord Trust,

    Plaintiff

v.

Nationstar Mortgage, LLC, et al.,

    Defendants

Case No.: 2:24-cv-00841-JAD-BNW

**Order Denying Second Emergency Motion for Preliminary Injunction and Amending Order to Show Cause**

[ECF No. 4]

    Plaintiff Triple Braided Cord Trust, represented by its non-lawyer trustee Julie Embry, initiated this case by filing an emergency motion for a preliminary injunction prohibiting defendants Nationstar Mortgage LLC, Mr. Cooper, and MTC Financial from auctioning the Trust's real property on May 10, 2024.[1] I denied that motion because Embry didn't file a complaint along with the motion and because a pro se litigant cannot represent a trust in a civil action unless she shows that she is the sole beneficial owner of the trust's assets.[2] I also ordered Embry to show cause why this case should not be dismissed because of those deficiencies.[3]

    Yesterday, Embry filed a complaint and another emergency motion for a preliminary injunction to halt the foreclosure proceedings.[4] She also changed the plaintiff's name to "Julie Embry d/b/a Triple Braided Cord Trust."[5] While filing a complaint has cleared one legal hurdle for Embry, she has not corrected the other one: she is still a pro se litigant attempting to represent

---

[1] ECF No. 1.
[2] ECF No. 2.
[3] *Id.*
[4] ECF Nos. 3, 4.
[5] *See* ECF No. 3 at 1.

a trust, and she does not show that she is the sole beneficiary of that trust.[6]  Embry has also again failed to follow this district's local rules for filing an emergency motion.[7]  And it appears that she hasn't served these documents on the defendants in this case or shown cause why I should consider this motion on an ex parte basis, violating local and federal rules.[8]

Accordingly,

IT IS ORDERED that plaintiff Julie Embry d/b/a Triple Braided Cord Trust's second emergency motion for a preliminary injunction **[ECF No. 4] is DENIED.**

Because Plaintiff has filed a complaint in this action, the court discharges the portion of the order to show cause asking why this case should not be dismissed for failure to file a complaint.  Plaintiff must still **SHOW CAUSE by May 20, 2024, why this case should not be dismissed for failure to obtain proper legal representation.**

_____
U.S. District Judge Jennifer A. Dorsey
May 9, 2024

---

[6] ECF No. 2 at 2.

[7] *See* L.R. 7-4.

[8] *See* L.R. IA 7-2 ("An ex parte motion or application must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis."); Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if specific facts in an affidavit or a verified complaint" justify that relief and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.").