# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Julie Embry d/b/a Triple Braided Cord Trust,

    Plaintiff

v.

Nationstar Mortgage, LLC, et al.,

    Defendants

Case No.: 2:24-cv-00841-JAD-BNW

**Order Dismissing Case**

[ECF No. 11]

    Plaintiff Triple Braided Cord Trust, represented by its non-lawyer trustee Julie Embry, initiated this case by filing an emergency motion for a preliminary injunction prohibiting defendants Nationstar Mortgage LLC, Mr. Cooper, and MTC Financial from auctioning the Trust's real property on May 10, 2024.[1] I denied that motion because Embry didn't file a complaint along with the motion and because a pro se litigant cannot represent a trust in a civil action unless she shows that she is the sole beneficial owner of the trust's assets.[2] I also ordered Embry to show cause (OSC) why this case should not be dismissed because of those deficiencies.[3]

    Instead of responding to the OSC, Embry filed a complaint in the amended name of "Julie Embry d/b/a Triple Braided Cord Trust."[4] While filing a complaint cleared one legal hurdle for Embry, it didn't fix the whole problem because she is still a pro se litigant attempting to represent a trust, and she did not show that she is the sole beneficiary of that trust.[5] So I

---

[1] ECF No. 1.
[2] ECF No. 2.
[3] *Id.*
[4] *See* ECF No. 3 at 1.
[5] ECF No. 2 at 2.

ordered her to show cause by May 20, 2024, why this case should not be dismissed for failure to obtain proper legal representation.[6]  She failed to do so.  So I dismiss this case without prejudice for failure to comply with this court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[7]  A court may dismiss an action based on a party's failure to obey a court order or to comply with local rules.[8]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[9]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[10]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[6] ECF No. 5.

[7] *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[8] *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[9] *Thompson*, 782 F.2d at 831; *Malone*, 833 F.2d at 130.

[10] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[11]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[12]  Because this action cannot proceed with a pro se plaintiff representing the plaintiff trust entity,[13] the only alternative is to enter yet another order setting another deadline.  But the fact that Embry has twice ignored this court's prior orders makes the likelihood of her compliance with another order low, so issuing a second order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice.  Nationstar Mortgage's motion to dismiss **[ECF No. 11] is DENIED** as moot.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
July 22, 2024

---

[11] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[12] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

[13] *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987).